IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES PALADINO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TARIQ SHEIKH, et al. | : | NO. 07-3464 |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                                                                          MARCH 31, 2008
UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Charles Paladino.  Petitioner has also filed § 2241 petitions in two other civil actions pending in this Court.[1]  He is in the custody of the Philadelphia prison system awaiting trial which is scheduled to be held next month in the Court of Common Pleas of Philadelphia.[2]  As explained below, Paladino's three habeas petitions should be consolidated under Civil Action No. 07-370, and the consolidated petitions should be dismissed without prejudice.[3]

---

[1] This Court's civil docket reflects that while Paladino's habeas petition filed Jan. 29, 2007 was pending in this Court (Civil Action No. 07-370), he filed the present petition and an additional habeas petition both received by the Clerk of Court on Aug. 21, 2007 (Civil Action Nos. 07-4342 and 07-3464).

[2] The state court docket reflects that he has been charged with numerous serious criminal charges including, but not limited to, carjacking, aggravated assault, and possession of a firearm by a person prohibited from possessing firearms due to one or more felony convictions.

[3] Reports and Recommendations filed this same date in each of Paladino's other two habeas cases address the claims raised in those respective habeas petitions and make recommended dispositions consistent with this Report and Recommendation ("R&R).

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of cases.[4] Specifically, Rule 42(a) provides:

> If actions before the Court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Paladino's three habeas petitions currently pending in this Court, see supra note 1, were each filed under 28 U.S.C. § 2241 and each of the petitions appears to raise related claims challenging his pretrial custody in the Philadelphia prison system while he awaits his trial scheduled to be held next month. In that these habeas petitions involve common questions of law and fact, Paladino's three habeas petitions should be consolidated under Civil Action 07-370, pursuant to Rule 42(a). See Fed. R. Civ. P. 42(a); see, e.g., Crum v. Ashcroft, 2007 WL 781935, at *2 (S.D. W.Va. Mar. 13, 2007) (§ 2241 petitions were consolidated pursuant to Rule 42(a)); D'Allessandro v. MacFarland, 2006 WL 2226330, at *2 (D. N.J. Aug. 3, 2006) (consolidated habeas petitions dismissed for failure to exhaust state court remedies); Wahab v. U.S. Dep't of Homeland Sec., 2005 WL 1155008, at *1 (M.D. Pa. May 11, 2005) (consolidated § 2241 petitions). In addition, Civil Action Nos. 07-4342 and 07-3464 should be closed, the consolidated petitions under Civil Action No. 07-370 should be dismissed without prejudice, and petitioner's remaining motions should be denied.

---

[4] Under the rules governing § 2254 cases, applicable to § 2241 cases pursuant to Rule 1(b) of the habeas rules, see 28 U.S.C. foll. § 2254, Rule 1(b), the Federal Rules of Civil Procedure are applicable to habeas proceedings, see id., Rule 11.

The habeas petition filed in this action (Doc. No. 1), Civil Action No. 07-3464, alleges, among other things: that petitioner's "speedy trial rights" under Rule 600 of the Pennsylvania Rules of Criminal Procedure have been violated; that petitioner has been denied discovery, including exculpatory evidence; that he has been denied adequate medical care; that no proper "positive identification of [petitioner] came about;" and that he was improperly denied a "requested lineup." See Hab Pet. (Doc. No. 1) at 1-8. The claims raised in this petition are addressed in my R&R filed this same date in Civil Action No. 07-370, and in the interests of judicial economy they are not addressed in detail again herein.

In sum, for reasons more fully explained in my R&R filed in Civil Action No. 07-370, to the extent that petitioner raises cognizable habeas claims in the three habeas petitions pending in this Court, those claims should be dismissed for failure to exhaust state court remedies and failure to show extraordinary circumstances sufficient to warrant pretrial interference. Among other things, petitioner has failed to show that he has "given[n] the state courts one **full** opportunity to resolve any constitutional issues by invoking one **complete round** of the State's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (emphases added); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, 535 U.S. 957 (2002); see also Castille v. Peoples, 489 U.S. 346, 351 (1989) (finding federal habeas petitioner failed to satisfy the exhaustion requirement by presenting claims for the first time directly to Pennsylvania's Supreme Court). "A claim is **not** deemed exhausted if it is raised for the first time in the state's highest court on discretionary review," or if a petitioner skips the state's trial court or intermediate court in the appellate process. See Evans v. Ct. of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992) (citing Peoples, 489 U.S. at 351)

(emphasis added).

Furthermore, insofar as Paladino raises claims alleging errors in state law, such as a violation of the Pennsylvania Rules of Criminal Procedure, those claims are not cognizable in a federal habeas petition. Federal habeas relief is available only if a petitioner is in custody in violation of the U.S. Constitution or federal law. See 28 U.S.C. § 2241; Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). "[F]ederal habeas corpus relief does **not** lie for errors of **state** law." See Estelle, 502 U.S. at 67 (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)) (emphases added).

Finally, to the extent that petitioner challenges the conditions of his confinement, a habeas petition is not the appropriate action to address such claims. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002); Dussan v. United States, 2003 WL 22837728, at *2 (E.D. Pa. Nov. 25, 2003). A habeas petition is appropriate only if "the claim would necessarily imply the invalidity of a conviction." Leamer, 288 F.3d at 543-44 (citing Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996)). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement [claim] . . . is properly brought under [28 U.S.C.] § 1983."[5] See Leamer, 288 F.3d at 544; see also Jupiter v. Warden, USP Lewisburg, 237 Fed. Appx. 726, 728 (3d Cir. 2007).

Rule 4 of the habeas rules provides: **"**If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

---

[5]This Court's civil docket reflects that although Paladino filed several civil rights actions in this Court, presided over by the Honorable Petrese B. Tucker, those cases have since been closed, see Civ. A. Nos. 07-3246, 07-3108, 07-5471, and 08-0084.

dismiss the petition and direct the clerk to notify the petitioner."[6]  28 U.S.C. foll. § 2254, Rule 4. In the present case, for the reasons explained herein and in the R&R filed in Civil Action No. 07-370, it plainly appears that petitioner is not entitled to relief at this time.

Accordingly, in that Paladino's three pending habeas petitions involve common questions of law and fact, his three petitions should be consolidated under Civil Action 07-370, and Civil Action Nos. 07-3464 and 07-4342 should be closed.  Furthermore, the consolidated habeas petitions should be dismissed without prejudice, and Paladino's remaining motions should be denied.[7]

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

---

[6]As explained, see supra note 4, the rules governing § 2254 cases are applicable to § 2241 cases pursuant to Rule 1(b) of the habeas rules.  See 28 U.S.C. foll. § 2254, Rule 1(b); Howard v. Certain Unnamed Aircraft Pilots, 1995 WL 431150, *2 n.1 (N.D. Ill. July 18, 1995).

[7]As in Civil Action 07-370, petitioner has filed in this action a Motion for Pre-Release from State Custody While Adjudication is Pending (Doc. No. 5), a Motion for Summary Judgment (Doc. 6), and a Motion to Appoint Special Prosecutor (Doc. No. 8).  These motions are addressed in my R&R filed in Civil Action 07-370, and for the reasons explained therein, petitioner's motions should be denied.

Here, for the reasons set forth above and in the R&R filed in Civil Action 07-370, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the consolidated petitions without prejudice.  See Slack, 529 U.S. at 484.  Accordingly, a COA should not issue.

My Recommendation follows.

**RECOMMENDATION**

**AND NOW**, this 31st day of March, 2008, upon consideration of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, and Paladino's remaining motions, and in light of petitioner's other § 2241 petitions filed in Civil Action Nos. 07-370 and 07-4342, for the reasons set forth in the accompanying Report and the Reports and Recommendations filed in petitioner's other habeas actions, it is hereby **RECOMMENDED** that petitioner's three habeas petitions should be consolidated under Civil Action No. 07-370, and that Civil Action Nos. 07-4342 and 07-3464 should be closed.  **IT IS FURTHER RECOMMENDED** that the consolidated habeas petitions be **DISMISSED**, without prejudice, that the remaining motions be **DENIED**, and that a certificate of appealability should not issue.[8]

                                                  /s/ L. Felipe Restrepo
                                                  L. FELIPE RESTREPO
                                                  UNITED STATES MAGISTRATE JUDGE

---

[8]Petitioner is advised that objections to this Report and Recommendation may be filed. See Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.